107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Chad DeKOVEN, Plaintiff-Appellant,
v.
Dennis DYKE, et al., Defendants-Appellees.
 No. 96-1379.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: BOGGS, BATCHELDER, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Chad DeKoven, proceeding pro se, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, DeKoven sued the Classification Specialist for the Michigan Department of Corrections (MDOC), the Warden at the Ionia Maximum Correctional Facility (IMCF), the Deputy Warden at the IMCF, and the Director of the MDOC, in their individual and official capacities. DeKoven claimed that: 1) the defendants violated his federal constitutional rights when they failed to follow prison procedures during his hearing on a major misconduct charge; 2) he was transferred to a higher security facility (the IMCF), and was placed into administrative segregation without all the procedures mandated by the Fourteenth Amendment; 3) he was found guilty at a major misconduct hearing which he was not allowed to attend; 4) the defendants' actions in placing him in administrative segregation and retaining him at the IMCF violated the substantive component of the Fourteenth Amendment Due Process Clause; 5) his rights to equal protection of the law were violated; and 6) the defendants engaged in tortious conduct under Michigan law. Over DeKoven's objections and upon review of the magistrate judge's report and recommendation, the district court granted summary judgment for the defendants. This timely appeal followed.
 
 
 3
 Initially, we note that DeKoven does not raise his substantive due process claim, equal protection claim, or supplemental claims on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment for the defendants, because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995).
 
 
 5
 DeKoven has not stated a due process claim cognizable under § 1983. DeKoven had no liberty interest in remaining free from administrative segregation, because he has not shown that this condition imposed "atypical and significant hardship" on him "in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 6
 Even if it is assumed that DeKoven possessed a liberty interest, he has not set forth any facts which indicate that he did not receive due process. In fact, DeKoven had the opportunity to appeal the misconduct hearing which resulted in his being placed in administrative segregation. He also had the opportunity to appeal MDOC's decision to place him in administrative segregation via the grievance process. Thus, he has had the opportunity to avail himself of adequate post-deprivation remedies. This court has held that the State of Michigan provides more comprehensive post-deprivation remedies than is mandated by the Fourteenth Amendment Due Process Clause. See Copeland v. Machulis, 57 F.3d 476, 480 (6th Cir.1995).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.